FILED
United States Court of Appeals
Tenth Circuit

May 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

JESUS MALDONADO-ORTEGA,

　　Defendant-Appellant.

No. 12-3041
(D.C. Nos. 6:11-CV-01352-MLB and
6:10-CR-10104-MLB-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Jesus Maldonado-Ortega pleaded guilty to federal drug and firearm charges and, as part of the plea agreement, waived his right to appeal and to collaterally attack his conviction and sentence. Even so, he filed a federal habeas petition under 28 U.S.C. § 2255, arguing that his sentence was too high and that the trial court lacked jurisdiction over his case. The district court dismissed Mr. Maldonado-Ortega's petition on the grounds that his challenge to his sentence was barred by the waiver and that his jurisdictional challenge was meritless.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Renewing his challenge in this court, Mr. Maldonado-Ortega asks us for a certificate of appealability ("COA") so that he may appeal the district court's dismissal of his petition.

We may grant a COA only if Mr. Maldonado-Ortega makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because Mr. Maldonado-Ortega proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even under this forgiving standard, we cannot grant a COA. First, as the district court held, Mr. Maldonado-Ortega's challenges to his sentence are barred by his plea agreement. Mr. Maldonado-Ortega does not dispute that the plea agreement's waiver of appellate and habeas rights encompasses the challenges he now presents to his sentence, nor does he contend the waiver was not knowing and voluntary. His lawyer adequately informed him of the range of sentences he could face, the trial judge explained in clear terms the meaning of the waiver provision, and Mr. Maldonado-Ortega said he understood and agreed to these terms. Under such circumstances, we must enforce the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001).

Mr. Maldonado-Ortega's jurisdictional challenge fares no better. He says that his drug crime was a quintessentially local offense that under the Tenth Amendment may not be brought in federal court. But we have repeatedly upheld 21 U.S.C. § 841 against Commerce Clause and Tenth Amendment challenge. *See, e.g.*, *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995). Nor does it matter, as Mr. Maldonado-Ortega suggests, that local law enforcement got to him first. Under our system of dual sovereignty, the possibility of criminal charges under state law does not affect the federal government's ability to punish that same conduct for contravention of federal law. *Abbate v. United States*, 359 U.S. 187, 192-94 (1959).

The request for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge